RECEIVED
USDC CLERK, CHARLESTON, SC

2005 NOV 22  P 3 21

United States District Court
District of South Carolina

| | |
|---|---|
| Shawn E. Pauling, # 210357; ) | C/A No. 2:05-3196-TLW-RSC |
| ) | |
| Petitioner; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Colie Rushton; Henry McMaster, Attorney General of the ) | |
| State of South Carolina; ) | |
| ) | |
| Respondents. ) | |

The Petitioner, Shawn Pauling (hereafter, the "Petitioner"), is a state prisoner proceeding *pro se* under Title 28 United States Code Section 2254. By definition, the relief which Petitioner seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(c)(3). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND

Petitioner is an inmate at McCormick Correctional Institution (McCI) in McCormick, South Carolina, serving a total of fifty-five (55) years imprisonment imposed by the Lexington County Court of General Sessions after a jury convicted him of multiple crimes: ABWIK (two counts), Armed Robbery (two counts), Criminal Conspiracy and Possession of a Firearm. Petitioner had also been indicted for two counts of murder. At trial he was found guilty of only one murder.

1

Petitioner's convictions were affirmed. See State v. Pauling, 470 S.E. 2d 106 (1996). He filed a Post Conviction Relief (PCR) application (1996-CP-32-1715) which was denied by the Lexington County Court of Common Pleas. The South Carolina Supreme Court, however, granted a Writ of Certiorari and reversed the PCR court regarding the murder conviction. Pauling v. State, 565 S.E. 2d 278 (2002).

Petitioner was granted a new trial because his attorney had failed to object to a particular jury instruction. Two Allen charges had been issued by the presiding judge, an action found proper by the S.C. Supreme Court.[1] When jurors inquired about the effect of a mistrial on the two murder charges, the trial court stated that, "The whole case would have to be tried over." State v. Pauling, 470 S.E. 2d at 108. The S.C. Supreme Court found that the instruction was arguably "confusing." When it affirmed Petitioner's convictions, the Court held that consideration of the issue was procedurally barred by trial counsel's failure to object and thereby preserve the issue. Id. Reviewing the PCR denial, however, the Court held that failure of trial counsel to object to the jury instruction was ineffective representation requiring a new trial on the murder conviction. See Pauling v. State, 565 S.E. 2d at 772.

## *PRO SE* PETITION

Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a *pro se* petition is still subject to

---

[1] – See Allen v. United States, 164 U.S. 492 (1896).

summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

A careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

## DISCUSSION

On February 25, 2003, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 presenting the same issue relied upon in the present action. See Pauling v. Rushton, et al., 2:03-0619-TLW-RSC (D.S.C. 2003). This court may take judicial notice of its own records in this prior case. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shoup v. Bell & Howell, 872 F.2d 1178, 1182 (4th Cir. 1989); Daye v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).

Reviewing this prior petition, the undersigned determined that Petitioner had not presented the issue of trial strategy to the South Carolina Supreme Court in his Petition for Writ

3

of Certiorari and that he was procedurally barred from doing so. See <u>Pauling v. Rushton, et al.</u> <u>supra</u>, Entry Number 10. On March 24, 2004, the Honorable Terry L. Wooten, United States District Court for the District of South Carolina, adopted the Report of the undersigned and the petition was dismissed. Thereafter the United States Court of Appeals for Fourth Circuit denied Petitioner a certificate of appealability and dismissed the appeal. See <u>Pauling v. Rushton, et al.</u>, 100 Fed. Appx 948 (4th Cir. 2004), <u>cert. denied</u> 125 S. Ct. 905 (2005).

Subsequent to the prior dismissal, Petitioner filed a petition for *habeas corpus* relief in the original jurisdiction of the South Carolina Supreme Court. The petition was dismissed by order of the Court on August 11, 2005, under <u>Key v. Currie</u>, 406 S.E. 2d 356 (1991).[2] On October 31, 2005, Petitioner filed a petition for *habeas corpus* relief in the Lexington County Court of Common Pleas. He says that this most recent action is still pending. [1-1, p. 17.]

In Petitioner's prior § 2254 action, this Court found that the issue of trial strategy was technically exhausted but procedurally defaulted. In its current posture, this § 2254 action should be dismissed without prejudice since Petitioner has re-opened his pursuit of relief in the South Carolina Court of Common Pleas. Although disfavored in South Carolina, and statutorily restricted, successive PCR applications are not categorically barred.[3]

---

[2] – <u>Key v. Currie</u>, supra, stands for the principle that the South Carolina Supreme Court will not entertain matters in its <u>original</u> jurisdiction that could be considered initially in trial courts unless extraordinary reasons of public interest or emergency compel such consideration.

[3] – The pertinent statutory provision is § 17-27-90 ("Grounds for relief") which declares: "All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application." Without suggesting any particular result for the Petitioner, it can be said that South Carolina has adopted a case-by-case approach to successive PCR applications with close attention to facts and circumstances. See <u>Williams v. State</u>, 583 S.E.2d 52 (S.C. 2003); <u>Coats v. State</u>, 575 S.E.2d 557 (S.C. 2003); <u>Odom v. State</u>, 523 S.E.2d 753 (S.C. 1999);

4

Petitioner has already been made aware of the exhaustion requirement in his prior § 2254 action. The principle of "comity" underlying this requirement most certainly applies to the present case since it is possible that Petitioner may achieve his goal in the pending state court proceeding, without recourse to a federal forum. See Coleman v. Thompson, 501 U.S. 722 (1991).

## RECOMMENDATION

Accordingly, it is recommended that the above-captioned case be dismissed without prejudice and without requiring the respondents to file a return. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate the burden placed on respondents caused by ordering an unnecessary answer or return). The petitioner's attention is directed to the notice on the next page.

*[Signature]*
Honorable Robert S. Carr
United States Magistrate Judge

Dated: November 22, 2005
Charleston, South Carolina

---

Tilley v. State, 511 S.E.2d 689 (S.C. 1999); Austin v. State, supra; Aice v. State, 409 S.E.2d 392 (S.C. 1991); Gamble v. State 379 S.E.2d 118 (S.C. 1989); Case v. State 289 S.E.2d 413 (S.C. 1982).

5

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
